# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTIE BELL AND JOAN LUPPE,      )
                                  )
                   Plaintiffs,      )
                                  )
vs.                                 )   Civil Action No. _____
                                  )
CHESWICK GENERATING STATION,     )
GENON POWER MIDWEST, L.P.,        )
                                  )
                   Defendant.     )

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant GenOn Power Midwest, LP ("GenOn") hereby removes this action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(d)(2), 1441(a) and 1453(b).  The specific grounds for removal are as follows:

### Plaintiffs' Claims:

1.      On April 19, 2012, Plaintiffs Kristie Bell and Joan Luppe filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania.  *See generally* Class Action Complaint in Civil Action ("Complaint") (attached as Exhibit 1)

2.      On June 19, 2012, the above referenced complaint was served on GenOn by the Allegheny County Sheriff.  *See* Allegheny County Court of Common Pleas docket entries (attached as Exhibit 2); Sheriff's Return of Service (attached as Exhibit 3).

3.      In the Amended Complaint, Plaintiffs assert claims against GenOn on their own behalf, and on behalf of a putative class comprised of those who reside or own

residential property within one mile of Cheswick Generating Station, a coal fired electrical generating facility operated by GenOn.. *See generally* Complaint ¶¶ 20-21.

4.    Plaintiffs contend, in their Complaint, that this class consists of at least 1,500 individual home owners.  *See id.* ¶ 8(b).

5.    Plaintiffs allege that air emissions from Cheswick Generating Station, including coal dust, fly ash, odors, "fallout," "air contaminants" and particulates, have entered the properties of Plaintiffs and putative class members, invading Plaintiffs' and putative class members' use and enjoyment of their properties, causing property damage, and leading to a diminution in market value  *See id.* ¶¶ 29-43.

6.    Plaintiffs seek recovery under four theories: (i) nuisance; (ii) negligence and recklessness; (iii) trespass; and (iv) strict liability.  *See id.* ¶¶ 44-74.

7.    Plaintiffs each seek compensatory damages in an amount exceeding the $25,000 threshold for compulsory arbitration in the Allegheny County Court of Common Pleas. *See id.* (prayers for relief).  *See also* Allegheny County Local Civil Rule 1301.

8.    Plaintiffs also seek injunctive relief.  *See id.* (prayer for relief for Count I).

9.    Plaintiffs also allege that GenOn has acted "knowingly," "intentionally," "recklessly," "willfully," "wantonly" and "maliciously," with "gross negligence" and "recklessness," and in "willful disregard for Plaintiffs," and engaged in "outrageous conduct," *see id.* ¶¶ 27, 38, 42, 43, 52, 57, 59, 60, 66, 67, and seek to recover punitive damages from GenOn, *see id.* ¶¶ 50, 59, 66, 74.

**The Parties' Citizenship:**

10.    The named plaintiffs are residents of the Borough of Springdale, Allegheny County, Pennsylvania.  *See id.* ¶¶ 1-2

11.     Defendant GenOn Power Midwest, LP is a limited partnership organized under the laws of the State of Delaware.  *See* Declaration of Allison Cunningham (attached as Exhibit 4), ¶ 2.[1]

12.     Defendant GenOn Power Midwest, LP has two partners.  Its general partner is GenOn Power Midwest GP, LLC, a limited liability company organized under the laws of the State of Delaware.  Its limited partner is GenOn Power Generation Assets, LLC, a limited liability company organized under the laws of the State of Delaware.  *See id.* ¶ 3.

13.     GenOn Power Midwest GP, LLC has one member, GenOn Power Generation Assets, LLC.  *See id.* ¶ 4.

14.     GenOn Power Generation Assets, LLC, the limited partner of Defendant GenOn Power Midwest, LP and the sole member of GenOn Power Midwest GP, LLC, has one member, GenOn Power Generation, LLC, a limited liability company organized under the laws of the State of Delaware.  *See id.* ¶ 5.

15.     GenOn Power Generation, LLC has one member, GenOn Americas, Inc., a corporation organized under the laws of the State of Delaware.  *See id.* ¶ 6.

16.     The organizational headquarters and principal place of business of Defendant GenOn Power Midwest, LP and its direct and indirect owners and parents, GenOn Power Midwest GP, LLC, GenOn Power Generation Assets, LLC, GenOn Power Generation, LLC, and GenOn Americas, Inc. all are located in Houston, Texas.  All significant strategic and

---

[1] While Plaintiffs named "Cheswick Generating Station, GenOn Power Midwest, L.P." as the Defendant, there is no such entity.  *See* Pennsylvania Department of State Corporation System Search Results for "Cheswick" (attached as Exhibit 5).  Cheswick Generating Station is merely a collection of assets for the generation of electricity from coal, operated by Defendant GenOn, a limited partnership authorized to do business in Pennsylvania.  *See* Pennsylvania Department of State Corporation Business Entity Information for GenOn Midwest Power, LP (attached as Exhibit 6).  *Cf. Philadelphia Facilities Mgmt. Corp. v. Biester,* 431 A.2d 1123, 1127 (Pa. Commw. Ct. 1981) (because "[t]he Philadelphia Gas Works . . . is not an identifiable legal entity or agency, but is merely the collective name for all real and personal property by which the City of Philadelphia furnishes gas to customers," it cannot be a party to a lawsuit).

operational decisions for entities are made in Houston, and all senior officers of these entities have their principal offices in Houston.  *See id.* ¶ 6.

### Jurisdiction Pursuant to 28 U.S.C. § 1332(a)(1):

17.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because all plaintiffs are citizens of Pennsylvania and Defendant is deemed to be a citizen of Delaware and Texas, and because the matter in controversy exceeds $75,000.

18.     For purposes of jurisdiction pursuant to 28 U.S.C. § 1332(a), the Court considers only the citizenship of the named plaintiffs.  *See Snyder v. Harris,* 394 U.S. 332, 340 (1969); *In re School Asbestos Litig.,* 921 F.2d 1310, 1317 (3d Cir. 1990).  As noted, both named Plaintiffs are citizens of Pennsylvania.  *See supra* ¶ 10.

19.     For purposes of jurisdiction pursuant to 28 U.S.C. § 1332(a), the citizenship of a limited partnership, such as Defendant GenOn, is that of its partners.  *See Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990).  Further, because the partners of Defendant GenOn are limited liability companies, their citizenship is deemed to be that of each of their members.  *See Zambelli Fireworks Mfg Co. v. Wood,* 592 F.3d 412, 418, 420 (3d Cir 2010).  Ultimately, all direct and indirect partners and members in Defendant GenOn are subsidiaries of GenOn Americas, Inc.  *See supra* ¶¶ 12-15.  As a corporation, GenOn Americas, Inc. is deemed to be a citizen of both the State in which it is incorporated and the state in which it has its principal place of business.  *See*  28 U.S.C. § 1332(c)(1).  *See generally Zambelli*, 592 F.3d at 420 ("As with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." (citation and internal quotation omitted)).

20.     As noted above, GenOn Americas, Inc. is a citizen of both Delaware and Texas.  *See supra* ¶¶ 15-16.  Therefore, GenOn Power Midwest GP, LLC, GenOn Power Generation Assets, LLC, GenOn Power Generation, LLC – and ultimately Defendant GenOn Power Midwest, LP – are all citizens of Delaware and Texas.

21.     The matter in controversy as to each named Plaintiff, on information and belief, exceeds the sum or value of $75,000:

   a.     By alleging that their claims exceed the threshold for compulsory arbitration, each Plaintiff necessarily claims that her own individual claim for damages exceeds $25,000.  *See supra* ¶ 7.  *See also, e.g., Showell v. Long,* 17 Pa. D. & C. 2d 36 (C.C.P. Montgomery C'ty 1958) (for purposes of determining whether multi-plaintiff matter is subject to compulsory arbitration, court considers damages claimed by each individual plaintiff without aggregation).

   b.     Each Plaintiff seeks punitive damages.  Depending upon the circumstances, punitive damages may approach as much as a 9:1 ratio to compensatory damages without running afoul of Constitutional limitations.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003). Here, the amount in controversy will exceed $75,000, without giving effect to the value of injunctive relief to Plaintiffs, so long as there is a 2:1 ratio between punitive and compensatory damages.

   c.     Plaintiffs further seek injunctive relief.

*See generally Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005) (so long as one named plaintiff satisfies the amount in controversy requirement, supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is appropriate as to all class plaintiffs, overruling *Zahn v. International Paper, Inc.,* 414 U.S. 291 (1973)).

**Jurisdiction Pursuant to 28 U.S.C. § 1332(a)(1):**

22.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), because at least one plaintiffs is a citizen of Pennsylvania and Defendant a citizen of Delaware and Texas, and because the matter in controversy exceeds $5,000,000.

23.     At least one Plaintiff is a citizen of Pennsylvania.  *See supra* ¶ 10.

5

24.     For purposes of jurisdiction pursuant to 28 U.S.C. § 1332(d), an unincorporated association, such as Defendant GenOn, is deemed to be a citizen of the State in which it has its principal place of business and the State under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10). Therefore, Defendant GenOn is deemed to be a citizen of Delaware (under whose laws it is organized) and Texas (where it maintains its principal place of business). *See supra* ¶¶ 11, 16.

25.     The matter in controversy as to each named Plaintiff exceeds the sum or value of $5,000,000:

        a.     In determining the amount in controversy for purposes of 28 U.S.C. § 1332(d), the claims of all individual class members are aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6)

        b.     There allegedly are at least 1,500 individual class members. *See supra* ¶ 4. Each Plaintiff claims damages exceeding $25,000. *See supra* ¶ 7. Accordingly, on the face of the Complaint, the amount in controversy is at least $37,500,000.

        c.     Each Plaintiff seeks punitive damages. Punitive damages for 1,500 plaintiffs may exceed $5,000,000 without running afoul of Constitutional limitations.

        d.     Plaintiffs further seek injunctive relief.

        e.     Indeed, so long as the amount in controversy as to each alleged member of the plaintiff class exceeds $3,333.34, the amount in controversy in the aggregate exceeds $5,000,000. Because punitive damages may fall within Constitutional limitations so long as they are a single-digit multiple of compensatory damages, this means that the amount in controversy exceeds $5,000,000 so long as compensatory damages for each plaintiff exceed only $333.34.

26.     Because GenOn, the sole defendant, is a citizen of Delaware and Texas, and is not a citizen of Pennsylvania, the Court may not decline jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(3)-(4).

## Removal Is Procedurally Proper:

27.     This removal is timely pursuant to 28 U.S.C. § 1446(b)(1), in that this Notice has been "filed within 30 days after" June 19, 2012, the date upon which GenOn received "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* Allegheny County Court of Common Pleas docket entries (attached as Exhibit 2); Sheriff's Return of Service (attached as Exhibit 3).

28.     Removal to this Court is proper, because the Complaint was filed in the Court of Common Pleas of Allegheny County, Pennsylvania, which is located within the jurisdiction of the Western District of Pennsylvania.

29.     As required by 28 U.S.C. § 1446(a), true and correct copies of the process, pleadings and orders served upon GenOn are filed herewith. *See* Complaint (attached as Exhibit 1); Sheriff's Return of Service (attached as Exhibit 3); Praecipe to Reinstate Writ (attached as Exhibit 7). *See generally* Allegheny County Court of Common Pleas docket entries (attached as Exhibit 2).

30.     Pursuant to 28 U.S.C. § 1446(d), GenOn is filing written notice of this Notice of Removal with the Allegheny County Department of Court Records concurrently with the filing of this Notice of Removal, and will serve the same on counsel of record therein.  A copy of the Notice of Filing of Notice of Removal, in the form in which it is to be filed and served, is attached hereto as Exhibit 8.

WHEREFORE, Defendant GenOn Power Midwest, LP requests that the Court assume jurisdiction over the matter on removal from the Court of Common Pleas for Allegheny County, Pennsylvania.

/s/ Paul K. Stockman
Paul K. Stockman (Pa. I.D. No. 66951)
    pstockman@mcguirewoods.com
James D. Pfeifer (Pa. I.D. No. 207036)
    jpfeifer@mcguirewoods.com
Jamie A. Edwards  (Pa. I.D. No. 309493)
    jedwards@mcguirewoods.com
McGuireWoods LLP
625 Liberty Ave., 23rd Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-667-6000
Telecopier:  412-667-6050

Scott C. Oostdyk (Pa. I.D. No. 90839)
    soostdyk@mcguirewoods.com
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone: 804-775-1000
Telecopier:  804-775-1061

*Counsel for Defendant GenOn Power Midwest, LP*

July 6, 2012