**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRISTIE BELL and JOAN LUPPE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-929 |
| | ) | |
| CHESWICK GENERATING STATION, | ) | Judge Cathy Bissoon |
| GENON POWER MIDWEST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, Defendant's Motion to Strike Class Allegations (**Doc. 44**) will be granted.

## I.   MEMORANDUM

## BACKGROUND

Kristie Bell and Joan Luppe are the named Plaintiffs ("Plaintiffs") in a class action complaint (the "Complaint") filed in the Court of Common Pleas of Allegheny County against Cheswick Generating Station, GenOn Power Midwest, L.P. ("Defendant") in April of 2012. Compl. (Doc. 1, Ex. 2). Defendant removed the case to the Western District of Pennsylvania on July 6, 2012. Notice of Removal (Doc. 1). Defendant filed a Motion to Dismiss the Complaint for failure to state a claim, which was granted by District Court Judge McVerry on October 12, 2012. Bell v. Cheswick Generating Station, 903 F. Supp. 2d 314 (W.D. Pa. 2012) (holding that property owners' putative class action against power company, alleging various claims, including nuisance and negligence, relating to coal power plant emissions were preempted by the Clean Air Act). Plaintiffs timely appealed to the Third Circuit Court of Appeals. Notice of Appeal (Doc. 16). On August 20, 2013, the Third Circuit reversed and remanded the case back to

District Court.  Bell v. Cheswick Generating Station, 734 F.3d 188 (3d Cir. 2013) (finding that, as a matter of first impression, the Clean Air Act did not preempt private property owners' putative class action state tort claims).  United States District Court Judge McVerry recused himself from the case, and it was transferred to the undersigned.  Defendant appealed the decision of the Third Circuit, petitioning the Supreme Court for Writ of Certiorari.  See GenOn Power Midwest, L.P. v. Bell, 134 S.Ct. 2696 (2014).  That Petition was denied on January 8, 2014, and the case was reopened in the Western District of Pennsylvania.  Id.; Notice of Reinstatement of Case (Doc. 30).

Before the Court today is Defendant's Motion to Strike Class Allegations from the Complaint.  (Doc. 44).  Plaintiffs seek damages and injunctive relief under the theories of nuisance, negligence and recklessness, trespass and strict liability, for "invasion of Plaintiffs' property" by particulates, odors, air contaminants, and chemicals, which cause Plaintiffs to suffer property damage.[1]  Compl. at ¶¶ 37-41.  The putative class (the "Class") is comprised of "at least" 1,500 individuals who own or inhabit residential property within a one mile radius[2] of Defendant's Generating Station, a coal-fired electrical generation facility in Springdale,

---

[1] Plaintiffs do allege in the Complaint that Defendant's particulates and air contaminants invaded "Plaintiffs' *person* and property."  See, e.g., Compl. at ¶ 58.  Defendant characterizes Plaintiffs' Complaint as one alleging both personal injury and property damage.  Def.'s Br. (Doc. 45) at 1.  Plaintiffs state in their Response that they are not alleging personal injury claims.  Pl.'s Resp. at 5.

[2] Defendant accurately notes that Plaintiff inconsistently states that Class members reside within a one-mile diameter, and one-mile radius, of the Plant.  Compl. at ¶ 21.  Plaintiffs clarify this error in their Response, stating that they intend the geographic region to encompass a circle around the Plant with a one-mile radius.  Pl.'s Resp. (Doc. 46) at 8.  Clarification in a briefing alone does not cure a defect in the pleadings.  Bell v. City of Philadelphia, 275 Fed. Appx. 157, 160 (3d Cir. 2008) (stating that a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment").  If Plaintiffs seek leave to amend the Complaint, the Court expects that they will correct this error in order to address Defendant's charge that a class so inconsistently defined lacks the requisite "particularity."  See Def.'s Br. at 11-12.

Pennsylvania (the "Plant"), "who have suffered similar damages to their property by the invasion of particulates, chemicals, and gases from Defendant's facility which thereby caused damages to their real property."  Compl. at ¶¶ 8(b), 20, 28.

## ANALYSIS

Defendant requests that the Court strike Plaintiffs' class allegations from the Complaint, pursuant to Federal Rules of Civil Procedure 23(c)(1)(A) and 12(b).  Def.'s Br. at 24.  This action would deny Plaintiffs' class certification prior to completion of discovery and prior to Plaintiffs filing a Motion for Class Certification.  Id.

### A.  Legal Authority to Strike Class Allegations Pre-Discovery

As an initial matter, the authority to strike class allegations stems from Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D), not 23(c)(1)(A) in conjunction with 12(b) as stated by Defendant.  See Gray v. BMW of North America, LLC, 22 F.Supp.3d 373 (D.N.J. 2014) (citing Fed. R. Civ. P. 12(f) as authority for the District Court to strike class allegations); In re Paulsboro Derailment Cases, 2014 WL 1371712, *2 (D.N.J. 2014) ("A motion to strike class allegations implicates Federal Rules of Civil Procedure 12(f) and 23(c)(1)(a). . . . A further procedural vehicle is provided by Federal Rule of Civil Procedure Rule 23(d)(1)(D), which provides that a 'court may issue orders that ... require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly.'"); see also 1 Joseph M. McLaughlin, McLaughlin on Class Actions § 3:4 (11th ed. 2014) (Noting that Federal Rule of Civil Procedure 23(d)(1)(D) "expressly authorizes a motion to strike class action allegations by authorizing the court to issue an order 'requiring that the pleadings be amended to eliminate allegations about representation of absent persons . . . .'"  Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter," and Rule 23(c)(1)(A) directs the court to make the class certification determination "[a]t an early practicable time."  Fed. R. Civ. P. 12(f), 23(c)(1)(A).

These Rules, together, provide authority for the Court to strike the class allegations from Plaintiffs' Complaint, if appropriate, even before Plaintiffs move for class certification.  The Court of Appeals for the Third Circuit has acknowledged that there are a "rare few [cases] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met," although, "[i]n most cases, some level of discovery is essential."  Landman & Funk PC v. Skinder-Strauss Assoc., 640 F.3d 72, 93, 93 at n. 30 (3d Cir. 2011).  Class allegations may be stricken only when *no amount of discovery* will demonstrate that the class can be maintained. Goode v. LexisNexis Risk & Info. Analytics Group, Inc., 284 F.R.D. 238, 244 (E.D. Pa. 2012) (citing Thompson v. Merck & Co., Inc., 2004 WL 62710 (E.D. Pa. 2004)); see also Woodard v. FedEx Freight E., Inc., 250 F.R.D. 178, 182 (M.D. Pa.2008) (noting that a "district court will strike class allegations without permitting discovery or waiting for a certification motion where the complaint and any affidavits clearly demonstrate that the plaintiff cannot meet the requirements for a class action").

Plaintiffs argue that Defendant's Motion is untimely, as Defendant cites Federal Rule of Civil Procedure 12(b) as partial authority for its Motion, and the time for Motions to Dismiss has passed.  Pl.'s Resp., 3-4.  Plaintiffs are correct that Rule 12(b) is inappropriately cited as authority for Defendant's Motion.  See supra.  Thus it cannot be the case that said rule simultaneously time-bars the motion; the Federal Rules indeed give Defendant room to file such a motion, and the Court the power to rule upon it.  Id.

## B.  Legal Standard

Plaintiffs set forth the Rule 12(b)(6) standard as that which governs the Court's review of Defendant's Motion.  Pl.'s Resp., 3.  Courts are divided on the question of the appropriate standard of review for pre-discovery motions to strike class allegations, and the Third Circuit has not spoken on the issue.  See, e.g., Bessette v. Avco Fin. Serv., Inc., 279 B.R. 442, (D.R.I. 2002) (holding that in an evaluation of a motion to strike class allegations "the burden is not on the party seeking class certification[;] rather, as the non-moving party, all reasonable inferences must be construed in [its] favor"); Szabo v. Bridgeport Mach., Inc., 249 F.3d 672, 675-76 (7th Cir. 2001) ("The proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it . . . . Before deciding whether to allow a case to proceed as a class action, therefore, a judge should make whatever factual and legal inquiries are necessary under Rule 23.").  The Court is persuaded by the reasoning of the Court of Appeals for the Seventh Circuit, as well as that of the vast majority of District Courts in this circuit, i.e., accelerating the class certification question does not alter the traditional Rule 23 burdens, and Plaintiffs must advance a "prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations."  Trunzo v. Citi Mortg., 2014 WL 1317577, *5 (W.D. Pa. 2014) (internal citations omitted).  Compare Id., and Szabo, 249 F.3d at 675-76, and Royal Mile Co., Inc., v. UPMC, --- F.Supp.2d ----, 2014 WL 4187129 (W.D. Pa. 2014) (holding that "regardless whether the defendant files a motion to strike class allegations pursuant to Federal Rule of Civil Procedure 12(f) based upon insufficient class allegations in a complaint, or a plaintiff files a motion to certify a class pursuant to Rule 23 based upon a more

fully developed record, the plaintiff has the burden to prove that the requirements set forth in Rule 23 are met, and the court must accordingly apply Rule 23"), with Luppino v. Mercedes-Benz USA, LLC, 2013 WL 6047556 (D.N.J. 2013) ("When evaluating a motion to strike allegations of a complaint, the court must accept as true all factual allegations in the complaint and view all reasonable inferences in the light most favorable to Plaintiffs, just as on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)."), and In re Paulsboro Derailment Cases, 2014 WL 1371712, *2 ("[W]here a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is not certifiable.") (internal citations omitted).  In this instance, the burden is on Plaintiffs to demonstrate that the requirements of Rule 23 are satisfied.

## C. Allegation of "Fail-Safe" Class

Defendant attacks the definition of the class itself, alleging that Plaintiffs have impermissibly alleged a "fail-safe" class, defining "the members as including all, and only, those who satisfy the elements of the class' cause(s) of action."  Def.'s Br. at 9.  To be certified, a class must satisfy four explicit requirements set forth in Federal Rule of Civil Procedure 23(a): 1) numerosity; 2) commonality; 3) typicality; and 4) adequacy of representation.  In addition, courts have incorporated the "implicit" requirement that a class be "definite" or "ascertainable."  See Byrd v. Aaron's, Inc., 2014 WL 1316055, *3 n. 3 (citing Marcus v. BMW of N. America, 687 F.3d 583, 596 (3d Cir. 2012)).  "Before delving into the 'rigorous analysis' required by Rule 23, a court first should consider whether a precisely defined class exists and whether the named plaintiffs are members of the proposed class."  Bentley v. Honeywell Int'l, Inc., 223 F.R.D. 471, 477 (S.D.Ohio 2004).  In order for a class to be ascertainable, the class must be precisely defined "with reference to objective criteria" and "there must be a reliable and administratively feasible

6

mechanism for determining whether putative class members fall within the class definition."

Hayes v. Wal–Mart Stores, Inc., 725 F.3d 349, 355 (3d Cir. 2013) (quoting Marcus, 687 F.3d at

593).

When a class is fail-safe – i.e., it "requires the court to address the central issue of

liability in the case," – it is impermissibly vague and "may be untenable."  Jackson v. Se. PA

Transp. Auth., 260 F.R.D. 168, 182 (E.D. Pa. 2009); see also William H. Rubenstein, Newberg

on Class Actions § 3:6 (5th ed.) ("Class definitions that require a court to decide the merits of

prospective individual class members' claims to determine class membership—sometimes

referred to as "fail-safe" classes—may also run afoul of the definiteness requirement.").  When a

class definition involves an ultimate issue of liability, the court must conduct mini-hearings in

order to determine who belongs within the class and who does not, rendering the process

administratively infeasible and therefore unascertainable.  See Kondratik v. Beneficial Consumer

Disc. Co., 2006 WL 305399, *10 (E.D. Pa. 2006) ("[B]ecause mini-hearings on the merits are

required here to determine class membership, this class definition is untenable and cannot be

certified."); Hayes, 725 F.3d at 355.

The Class in the instant matter is defined as follows:

> All unnamed Plaintiff potential Class Members are residents or homeowners who
> live or own real estate within one (1) mile of the Cheswick Facility who have
> suffered similar damages to their property by the invasion of particulates,
> chemicals, and gases from Defendant's facility which thereby caused damages to
> their real property.

Compl. at ¶ 28.  The Court finds that the Class, as stated, is indeed "fail-safe."  In order to

determine whether one is a member of the Class, the Court must inquire into whether: 1) the

individual lives within one mile of the Plant; 2) he/she has suffered "similar damages" to their

property; 3) those damages resulted from the "invasion" of their property by particulates,

chemicals and gases; and 4) the particulates, chemicals and gases originated from Defendant's

Plant.  These determinations would most certainly require mini-hearings into the particular facts

of each purported class member's situation in order to determine ultimate issues of liability –

damage and causation.  As such, the asserted "Class" is "fail-safe" and unascertainable and will

be stricken from the Complaint.  See Kondratik, 2006 WL 305399 at*10; Hayes, 725 F.3d at

355.  Albeit in dicta, and post-discovery, the Western District of Kentucky made a similar

finding after conducting a persuasive analysis:

> Plaintiffs' proposed class definition limits membership to those "whose property
> was damaged by noxious odors, fallout, pollutants and contaminants which
> originated from the LG & E Cane Run facility." This definition seems to make the
> ultimate issue in the case (property damage at the hands of LG & E) a component
> of the class definition, thereby front-loading the individualized damage
> determinations which ordinarily would be reserved until later in the proceedings.
> To properly define the class as Plaintiffs propose it, the Court would be required
> to determine on a person-by-person basis whether property damage had occurred
> and whether LG & E was responsible, which would seem to completely subsume
> the merits phase of the case into the class certification phase. This approach has
> little to recommend it, and runs contrary to the admonition that a class definition
> "should avoid ... terms that depend on resolution of the merits."

Burkhead v. Louisville Gas & Elec. Co., 250 F.R.D. 287, 293-94 (W.D. Ky. 2008) (emphasis in

original) (quoting Manual for Complex Litigation (Fourth) § 21.222 (2004)).  Plaintiffs' Class

similarly "front-loads" the instant proceedings, requiring that the Court reach the merits of the

case at the class certification stage, contrary to law and policy.

In addition, a benchmark of having suffered "similar damages" is independently

problematic:

> A "similarity" restriction presents its own problems, because a determination of
> similarity would not be based on objective criteria, as Marcus and other recent
> precedents demand, but on subjective degrees of likeness. Determining the degree
> of similarity likewise would require a[n individual] analysis of each [proposed
> class member's situation], making the class not readily ascertainable.

Lipstein v. UnitedHealth Group, 296 F.R.D. 279, 291 (D.N.J. 2013).  The incorporation of a standard that turns on subjective criteria is administratively infeasible and additionally renders the Class un-certifiable.  Not only is the "similarity criteria" subjective, but it further impedes into the area of ultimate issue determination, as the "damages" alleged by Plaintiffs are, *inter alia*, the result of the very nuisance and trespass that they allege.  Compl.; see also Def.'s Br. at 12.  If Plaintiffs were to move forward with the "Class" as constructed, the Court would be forced to first determine the ultimate issue of damages suffered by Plaintiffs, and then compare all potential class members to that subjective standard.  Such a class is not ascertainable or workable.

For the reasons set forth supra the Court will grant Defendant's Motion to Strike Class Allegations from the Complaint.  As the Court has determined that the asserted Class, as currently styled, is "fail-safe," there is no need to reach the merits of Defendant's additional arguments in favor of striking the class allegations.

**D.  Plaintiffs' Shifting Class Definition**

It is noted by the Court that Plaintiffs respond to Defendant's arguments largely by redefining the putative class.  The Court presumes that this redefinition reflects, in part, Plaintiffs' recognition that the Class as constructed in the Complaint in fact suffers from some or all of the defects alleged by Defendant.  Contrary to the Complaint, Plaintiffs' Response states that "all owner-occupants and renters of residential property in the class area, preliminarily[3] defined as the area within one mile of the Cheswick facility, *have in fact* suffered similar property damage.  Membership in the class, like any appropriate class, will be ascertained by reference to objective criteria, here geographic criteria, and nothing else."  Pl.'s Resp. at 8

---

[3] As a point of correction, nothing about a class definition as stated in a complaint may be "preliminary."  Plaintiffs must carefully select the class construction they so choose, and litigate their claim accordingly.

(emphasis in original).  Plaintiffs' description of the Class in their Response clearly is inconsistent with that of the Complaint.  It appears that Plaintiffs are attempting to account for Defendant's arguments by amending the Complaint in their briefing; this is impermissible.  Cf. Bell v. City of Philadelphia, 275 Fed. Appx. 157, 160 (3d Cir. 2008) (stating that a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment").

Under Rule 15, the Court should "freely" grant Plaintiffs leave to amend the complaint, unless leave to amend would be futile.  Fed. R. Civ. P. 15; see also Royal Mile Co., Inc., v. UPMC, 2014 WL 4187129, *20 (acknowledging the Court's ability to grant leave to amend the complaint in the context of a motion to strike class allegations).  If Plaintiffs amend the Complaint in accordance with their Response and in light of Defendant's arguments – proposing a Class that is defined solely by objective, geographic criteria, as they state – such an amendment may not be futile.  While the Court does not render any opinion with respect to whether or not the proposed amended class would ultimately merit certification, the amendment would directly respond to Defendant's concerns regarding their current class definition.

An amendment to Plaintiffs' class, as contemplated in their Response, could cure Defendant's concerns regarding the "fail-safe" nature of the current Class.  A class defined by a clear, objective criteria – geographic terms, in this instance – would not necessitate mini-hearings or require the Court to delve into the merits of the case at the class certification stage.  A class so defined could not be said to be unascertainable, or untenable such that no amount of discovery could support it.  Goode, 284 F.R.D. at 244; see also Woodard, 250 F.R.D. at 182.  Thus, an amendment would not be futile with respect to Defendant's fail-safe arguments.  See Fed. R. Civ. P. 15.

Defendant further argues that Plaintiffs' Class is insufficiently particular.  Def.'s Br. at 11.  This argument turns on the inconsistency within the Complaint regarding Plaintiffs' simultaneous reference to a geographic area surrounding the Plant with a one-mile diameter, and a one-mile radius.  Id.  As Plaintiffs clarify in their Response that they intended to define the geographic scope of the allegedly affected area as having a one-mile radius, not diameter, from the Plant outward, an amendment to the Complaint would not be futile with respect to this argument either.  See supra at n. 2.

Lastly, Defendant posits that the Class as currently constructed elevates individualized issues over common claims.  Def.'s Br. at 12-24.  The gravamen of this argument turns on Class's reference to the putative class members' suffering similar damages to that of the Plaintiffs – i.e., loss of use of enjoyment of their properties, diminution in property value, and "mental anguish, suffering, embarrassment, humiliation, distress, agony and other related nervous conditions and emotional sequelae" – as a result of proximity to Defendant's Plant. Compl. ¶¶ 44-74.  An amendment to the Class as framed by Plaintiffs, which would omit the reference to damages and turn solely on the objective criteria of geographic proximity to the Plant, would further cure this alleged defect.  These amendments would result in Plaintiffs' heavy burden at the post-discovery class certification stage of these proceedings, to be sure.  See, e.g., Burkhead, 250 F.R.D. at 292 ("Plaintiffs have presented no evidence from which the Court could infer that similar circumstances, whether ultimately attributable to [Defendant] or not, exist throughout the proposed two mile radius of [Defendant's] facility class area.  Though Plaintiffs repeatedly describe the proposed class definition as 'objectively reasonable,' they offer no evidence whatsoever that the airborne contaminants might have spread in all directions from [Defendant's] facility for a distance of up to two miles."); Boggs v. Divested Atomic Corp., 141

F.R.D. 58, 61–62 (S.D.Ohio 1991) ("[t]he fact that radioactive materials have escaped the confines of the plant, is, by itself, not sufficient to justify defining the class to include everyone who lives or owns property within six miles of the plant's boundaries. Although the class definition is subject to refinement . . . there should be some evidence at this stage of the case that plaintiffs' definition is reasonable. This requires an examination of the plaintiffs' evidence of the dispersion of hazardous emissions.").  Nonetheless, amendment could cure the defects alleged at this early stage of the proceedings, considering the legal standard.  Goode, 284 F.R.D. at 244; see also Woodard, 250 F.R.D. at 182.

## CONCLUSION

In light of Defendant's arguments regarding "fail-safe" classes, and Plaintiffs' failure to defend the Class as currently articulated in response to those arguments, the Court will grant Defendant's Motion to Strike the Class Allegations – as stated – from the Complaint.  Fed. R. Civ. P. 12(f), 23(c)(1)(A), 23(d)(1)(D).  The Court is cognizant that an "order granting a motion to strike class allegations is tantamount to a denial of class certification after a motion to certify." Royal Mile Co., Inc., v. UPMC, 2014 WL 4187129 at *20 (internal citations omitted).  This action, however, will be without prejudice to Plaintiffs' amending the class allegations in their Complaint.[4]  Fed. R. Civ. P. 15; see Zeiger v. Advance America, 2014 WL 7388365, *7 (D. Del. 2014) (granting Motion to Strike Class Allegations and granting leave to amend the class

---

[4] Absent unforeseen and extraordinary circumstances, no further amendments will be permitted. Although, generally, leave to amend freely is given, this rule cannot be read so broadly as to allow or require the Court and opposing parties to entertain endless requests for amendment. The purpose of Federal Rule 15 is not "to make the complaint 'a moving target,'" Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006), and any further requests for amendment most likely will raise significant issues regarding undue delay and prejudice in this nearly three-year-old case. Accordingly, if Plaintiffs choose to seek leave to amend the class allegations in the Complaint, their second amended complaint must make a last, best effort to state any and all allegations and viable claims that Plaintiffs intend to pursue in this lawsuit.

allegations in the complaint).  To the extent that Plaintiffs can cure the deficiencies in the

Complaint, they have until February 5, 2015, to do so.

## II.  <u>ORDER</u>

For the reasons stated above, Defendant's Motion to Strike Class Allegations (**Doc. 44**) is

**GRANTED**.

IT IS HEREBY ORDERED that the Complaint's prayer for certification of a Plaintiff

Class is STRICKEN without prejudice to a future motion by Plaintiffs for leave to amend the

Complaint.

If Plaintiffs intend to amend the Complaint, a Motion for Leave to Amend the Complaint

with an attached proposed Amended Complaint shall be filed on or before February 5, 2015.

IT IS SO ORDERED.


January 28, 2015                                      s\Cathy Bissoon_____
                                                     Cathy Bissoon
                                                     United States District Judge


cc (via ECF email notification):

All Counsel of Record