IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTIE BELL and JOAN LUPPE,    )
                                )
          Plaintiffs,           )
                                )
     v.                         )    Civil Action No. 12-929
                                )
CHESWICK GENERATING STATION,    )    Judge Cathy Bissoon
GENON POWER MIDWEST, L.P.,      )
                                )
          Defendant.            )

**ORDER**

For the reasons that follow, Plaintiff Joan Luppe will be dismissed from this action for failure to prosecute.

On April 6, 2015, Attorneys Steven D. Liddle, Nicholas A. Coulson and James E. Pasquale moved to withdraw as Plaintiff Luppe's attorneys.[1]  (Doc. 55).  Ms. Luppe is one of the

---

[1] By way of background, not directly relevant to this Order, Kristie Bell and Joan Luppe are the named Plaintiffs ("Plaintiffs") in a class action complaint (the "Complaint") filed in the Court of Common Pleas of Allegheny County against Cheswick Generating Station, GenOn Power Midwest, L.P. ("Defendant") in April of 2012. Compl. (Doc. 1, Ex. 2).  Defendant removed the case to the Western District of Pennsylvania on July 6, 2012.  Notice of Removal (Doc. 1). Defendant filed a Motion to Dismiss the Complaint for failure to state a claim, which was granted by District Court Judge McVerry on October 12, 2012.  Bell v. Cheswick Generating Station,  903 F. Supp. 2d 314 (W.D. Pa. 2012) (holding that property owners' putative class action against power company, alleging various claims, including nuisance and negligence, relating to coal power plant emissions were preempted by the Clean Air Act).  Plaintiffs timely appealed to the Court of Appeals for the Third Circuit.  Notice of Appeal (Doc. 16).  On August 20, 2013, the Third Circuit reversed and remanded the case back to District Court.  Bell v. Cheswick Generating Station, 734 F.3d 188 (3d Cir. 2013) (finding that, as a matter of first impression, the Clean Air Act did not preempt private property owners' putative class action state tort claims).  United States District Court Judge McVerry recused himself from the case, and it was transferred to the undersigned.  Defendant appealed the decision of the Third Circuit, petitioning the Supreme Court for Writ of Certiorari.  See GenOn Power Midwest, L.P. v. Bell, 134 S.Ct. 2696 (2014).  That Petition was denied on January 8, 2014, and the case was reopened in the Western District of Pennsylvania.  Id.; Notice of Reinstatement of Case (Doc. 30).

two named plaintiffs in the instant class action.  The attorneys noted that they had attempted to communicate with Plaintiff Luppe through various means on many occasions, all to no avail. The Court granted that motion.  (Doc. 56).  On April 7, 2015, the Court issued an Order requiring that Plaintiff Luppe show cause as to why she should not be dismissed from the instant action for her failure to prosecute.  (Doc. 57).  The Show Cause Order set a response deadline of April 24, 2015.  (Id.).  As of April 29, 2015, she has not filed a response with the Court.

In determining whether to dismiss Plaintiff Luppe from this case for failure to prosecute and/or noncompliance with Court Orders, the undersigned considers:  (1) the extent of Plaintiff's personal responsibility; (2) the prejudice to Defendants caused by the failure to meet scheduling orders; (3) Plaintiff's history of dilatoriness; (4) whether Plaintiff's conduct was willful or in bad faith, as opposed to excusable neglect; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of Plaintiff's claims.  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Factor (1) favors dismissal because, given Plaintiff's current *pro se* status, she alone is responsible for the failing to comply with the Court's Order to Show Cause.  *See* N'Jai v. Floyd, 2009 WL 1531594, *14 (W.D. Pa. May 29, 2009) (holding same), *aff'd on other grounds*, 2010 WL 2690335 (3d Cir. Jul. 8, 2010).

Factors (2) and (3) also favor dismissal.  Given Plaintiff's repeated failure to respond to her former attorneys' efforts to communicate with her, paired with her failure to comply with a

---

On January 28, 2015, the Court granted Defendants' Motion to Strike Class Allegations, without prejudice to a future motion by Plaintiffs for leave to amend the Complaint.  (Doc. 47).  On February 3, 2015, Plaintiffs filed a Motion for Leave to File First Amended Class Action Complaint. (Doc. 49).  That Motion is currently pending before the Court.

Court Order, her failure to prosecute hinders her adversaries' ability to meaningfully defend their case.

As to factor (5), the undersigned cannot imagine that lesser sanctions could be effective. Plaintiff has been advised of her noncompliance with a clear and specific Court Order, and she did not respond to this Order requiring her to show cause why this case should not be dismissed for failure to prosecute. Additionally, this omission is not consistent with "excusable neglect," and the Court can only assume that Plaintiff's unwillingness to participate in this litigation is willful. See Poulis factor (4), *supra*.

The final factor, the meritoriousness of Plaintiff's claims, weighs neither in her favor nor against her. Plaintiff is a named representative of a class, and the suit will continue in the name of Plaintiff Bell even if Plaintiff Luppe is dismissed. The suit, if meritorious, may even represent Ms. Luppe's interests, simply without her as a named Plaintiff. As such, even if the instant claims are meritorious, they will prevail and benefit Ms. Luppe even if she is dismissed from this action.

For all of the reasons stated above, Plaintiff Joan Luppe is **DISMISSED** from this action for failure to prosecute.

IT IS SO ORDERED.

April 29, 2015                                    s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States Magistrate Judge

cc (via First Class U.S. Mail):

Joan Luppe
338 Maxwell Avenue
Springdale, PA 15144

cc (via ECF email notification):

All Counsel of Record